UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRUSTEES OF INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 825 WELFARE FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DELAWARE VALLEY CRANE RENTAL, INC. and J.L. DOBBS, INC., <br><br> Defendants. | No. 1:17-cv-08567-NLH-SAK <br><br> OPINION |

**APPEARANCES**:

VINCENT M. GIBLIN, ESQ.
VIPIN P. VARGHESE, ESQ.
DECOTIIS, FITZPATRICK, COLE & GIBLIN LLP
500 FRANK W. BURR BLVD.
TEANECK, NJ 07666

ALEXANDER HEMSLEY, III, ESQ.
DECOTIIS, FITZPATRICK, COLE & GIBLIN, LLP
61 SOUTH PARAMUS ROAD, SUITE 250
PARAMUS, NJ 07652

   *Attorneys for Plaintiffs*.

ERIC B. MEYER, ESQ.
DILWORTH PAXSON LLP
1500 MARKET STREET, SUITE 3500E
PHILADELPHIA, PA 19102

   *Attorney for Defendants*.

**HILLMAN**, **District Judge**

    This matter comes before the Court by way of Defendants Delaware Crane Rental, Inc.'s ("DVCR"), and J.L. Dobbs, Inc.'s

("JLDI"), (collectively, "Defendants"), Motion for Reconsideration pursuant to Local Civil Rule 7.1(i) (("L. Rule 7.1(i)"). (ECF No. 94). This matter is decided without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons discussed below, the Motion for Reconsideration will be denied.

## BACKGROUND

Plaintiffs are a group of jointly administered, multi-employer, labor-management trust funds, and their Board of Trustees[1] that allege Defendants are operating its two businesses, JLDI and DVCR, in such a way that they constitute both a "single employer" and "alter egos" of each other for the purposes of labor law and the collective bargaining agreement ("CBA") at issue in this case, making JLDI a party to the CBA and alleging that JLDI failed to make the required contributions to the Funds and violated the Employment Retirement Income Security Act ("ERISA") during the Audit Period.[2] Plaintiffs

---

[1] More specifically, Plaintiffs consist of the Board of Trustees of the International Union of Operating Engineers Local 825 Pension Fund, Operating Engineers Local 825 Welfare Fund, Operating Engineers Local 825 Apprenticeship Training & Re-Training Fund, Operating Engineers Local 825 Supplemental Unemployment Benefit Fund, Operating Engineers Local 825 Saving Fund, and Operating Engineers Local 825 Profit Sharing Fund.

[2] The Court assumes the Parties' familiarity with the underlying facts of the case and will only restate those facts necessary for the resolution of the present motion. For a fulsome review of the underlying factual history of the case, refer to the

filed their initial Complaint against both Defendants on October 18, 2017, (ECF No. 1), and amended their Complaint on April 29, 2019 (ECF No. 46), to which Defendants answered on May 13, 2019. (ECF No. 47).  On July 10, 2020, Defendants filed a Motion for Summary Judgment on all claims, (ECF No. 75), Plaintiffs filed a cross-motion for partial summary judgment on the single employer and alter ego questions.  (ECF No. 77).  On August 28, 2020 Defendants filed a Motion to Strike the Declaration of Terrence Mooney, filed in support of Plaintiffs' cross-motion.  (ECF No. 86).  In the Court's February 17, 2021 Opinion, both Plaintiffs' and Defendants' motions for summary judgment were denied because there remained a genuine dispute of material fact regarding the extent of personnel sharing and overlapping work forces, among other pertinent facts, that are necessary to the determination of whether, as a matter of law, the Defendants have been operating as a "single employer" or as "alter egos." Defendants' Motion to Strike was granted in part and denied in part.  (ECF No. 91).

On February 22, 2021, Defendants filed a Motion for Reconsideration, asserting that the Court overlooked their contract claim in their summary judgment briefing.  (ECF No. 94).  The motion was stayed on March 1, 2021, (ECF No. 96), and

---

Court's February 17, 2021 Opinion.  (ECF No. 91).

3

following an attempt at mediation, the motion was placed back on the docket on November 10, 2022 (ECF No. 132). Plaintiffs submitted their Opposition brief on December 5, 2022, (ECF No. 133), and on December 12, 2022, Defendants filed their Reply. (ECF No. 136). Therefore, the Motion for Reconsideration is ripe for adjudication.

## DISCUSSION

### I. Standard for a Motion for Reconsideration under Local Civil Rule 7.1(i)

In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration, allowing a party to file a motion requesting the Court to reconsider the "matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L. Civ. R. 7.1(i); see also Flores v. Predco Servs. Corp., No. 10-1320, 2011 WL 3273573, at *1 (D.N.J. Jul. 29, 2011). The Third Circuit has held that a L. Rule 7.1(i) motion may be granted only if: (1) there has been an intervening change in the controlling law; (2) evidence not available when the Court issued the subject order has become available; or (3) it is necessary to correct a clear error of law or fact to prevent manifest injustice. Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (internal citations omitted). These motions must be made within 14 days after the entry of the order or judgment on the

original motion by the Judge or Magistrate Judge.  L. Civ. R. 7.1(i).

Motions under L. Rule 7.1(i) are to be granted sparingly. Brackett v. Ashcroft, No. 03-3988, 2003 U.S. Dist. LEXIS 21312, at *2 (D.N.J. Oct. 7, 2003) (internal citations omitted) ("[r]econsideration is an extraordinary remedy that is granted very sparingly."); see also L. Civ. R. 7.1(i), cmt. 6(d).  A mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law. United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999).  The burden is on the moving party to demonstrate the existence of clear error or manifest injustice. Andreyko v. Sunrise Sr. Living, Inc., 993 F. Supp. 2d 475, 478 (D.N.J. 2014) (citations omitted).  In doing so, the moving party must show the "'dispositive factual matter or controlling decisions of law'" it believes the court overlooked in its initial decision. Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 215 F. Supp. 2d 482, 507 (D.N.J. 2002).

**II.  Analysis**

Defendants' Motion for Reconsideration was filed within the 14-day limitations period following the Court's February 17, 2021 Opinion pursuant to L. Rule 7.1(i) and is therefore timely.

According to Third Circuit precedent, the Court can only grant a L. Rule 7.1(i) motion if: (1) there has been an

5

intervening change in the controlling law; (2) evidence not available when the Court issued the subject order has become available; or (3) it is necessary to correct a clear error of law or fact to prevent manifest injustice. Max's Seafood Café, 176 F.3d at 677. Parties agree that the instant motion is brought under the third category; i.e., where Courts have overlooked dispositive factual matters or controlling legal authority. See Flores, 2011 WL 3273573, at *1; (ECF Nos. 94, 133). Defendants assert that the Court overlooked dispositive factual matters in its February 17, 2021 Opinion with regards to its breach of contract claim in Point III of their Motion for Summary Judgment. (ECF No. 94 at 1). Defendants argue that there are no material facts in dispute that prevented the Court from entering summary judgment in their favor on the breach of contract claim on "solely" contract law grounds, and that despite the Court's exhaustive analysis of the labor law claims, the contract claims required a "unique, distinct analysis" to be fully adjudicated. (ECF Nos. 94 at 4, 136 at 3-4).

Plaintiffs argue that Defendants are simply rehashing their contract claim arguments that have already been presented, considered, and addressed by the Court in its February 17, 2021 Opinion. (ECF No. 133 at 3-4). Plaintiffs point to this quote in the Opinion to illustrate that the Court, while ruling that it could not resolve the issue related to "single employer" or

6

"alter ego" status of the Defendant companies, further could not reach the contract claims at issue due to the same underlying factual dispute: "… with these factual disputes still unresolved, the Court finds it would be inappropriate to attempt to reach a final conclusion at this stage regarding whether JLDI and DVCR constitute alter egos with each other.  That being the case, the Court similarly cannot reach any conclusion as to whether JLDI is, or should be, liable for potentially delinquent contributions to the funds under the CBA."  (ECF No. 133 at 3-4, citing ECF No. 91 at 55).

First, an argument is not deemed overlooked simply because it is not directly addressed in a court's opinion. Eichorn v. AT&T Corp., No. 96-3587, 1999 WL 33471890 (D.N.J. Aug. 23, 1999).  An argument may be regarded as having been considered if it is presented to the court in written submissions and in oral argument. Id.  It is clear from the Opinion that the Court did not overlook the contract claims.  The Court explicitly addressed the facts related to the CBA, noting that JLDI has never been a signatory to *any* CBA with Local 825 and was effectively pulled into the ambit of the Funds due to an audit of DVCR, which was affirmatively identified as the entity that entered into a CBA with Local 825 after its formation.  (ECF No. 91 at 3-4, 7) (emphasis added).

Second, the entire purpose of the matter at bar is to

7

establish whether JLDI was legally required to contribute to the union funds despite not having been an explicit party to the CBA under two "labor law" legal theories. While the Defendants insist that the Court could have resolved this matter under "contract law," the Court disagrees. While Defendants argue that its legal theories are distinct, the Court recognizes that these issues do not sit in neatly separate boxes.

As Defendants note in their Opposition brief above and elsewhere, the outcome of the analysis relating to the "labor law" legal theories have an irrevocable impact on the understanding of the contract itself. (ECF Nos. 91 at 55, 133 at 10). As the Court previously considered and explained in its Opinion, both "labor law" theories were created to hold businesses accountable to CBA obligations (and ERISA contributions under the single employer doctrine) by preventing companies using corporate formalities to evade the obligations of such contracts. (ECF No. 91 at 26-27, 37-38, 40-41). Thus, determining the outcome of the "labor law" theories must occur before analyzing the terms of the contract, i.e. these analyses cannot be done in parallel or independently, because in effect the outcome of the "labor law" theories would change who is included in the contract itself: if DVCR and JLDI are found to be "one" entity under the single employer theory, for the purposes of the CBA, every time DVCR signed that contract, JLDI

8

did as well; if DVCR and JLDI are found to be alter egos, JLDI would be similarly responsible for DVCR's contracts under the labor law, regardless which company name appears as the signatory.  Stardyne, Inc. v. N.L.R.B., 41 F.3d 144-45, 152 (3d Cir. 1994).  Because the Court cannot reach the factual conclusion as to whether Defendants are alter egos or a single employer, the Court cannot appropriately analyze the contract for breach because the Court does not know whether JLDI is de facto a party to the contract in question.  (ECF No. 91 at 55).

Defendants have not met their burden to the Court for the Court to grant the extraordinary remedy of reconsideration. Defendants do not present any new facts, any change in controlling law, nor have they demonstrated any error, oversight, or manifest injustice promulgated from the Court's February 17, 2021 Opinion and therefore their Motion for Reconsideration must be dismissed.

## CONCLUSION

For the reasons set forth above, Defendants' Motion for Reconsideration (ECF No. 94) will be denied.

An appropriate Order consistent with this Opinion will be entered.

Date: January 5, 2023          s/ Noel L. Hillman
At Camden, New Jersey          NOEL.L. HILLMAN, U.S.D.J.