\UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE BOARDS OF TRUSTEES OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 825 WELFARE FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DELAWARE VALLEY CRANE RENTAL, INC. and J.L. DOBBS, INC.,<br><br>Defendants. | No. 1:17-cv-08567-NLH-KMW<br><br>**OPINION AND ORDER** |

**APPEARANCES**:

VINCENT M. GIBLIN
DECOTIIS, FITZPATRICK, COLE & GIBLIN, LLP
61 SOUTH PARAMUS ROAD
SUITE 250
PARAMUS, NJ 07652

VIPIN P. VARGHESE
DECOTIIS, FITZPATRICK, COLE & GIBLIN LLP
500 FRANK W. BURR BLVD.
TEANECK, NJ 07666

ALEXANDER HEMSLEY, III
DECOTIIS, FITZPATRICK, COLE & GIBLIN, LLP
61 SOUTH PARAMUS ROAD
SUITE 250
PARAMUS, NJ 07652

   *Attorneys for Plaintiffs*

ERIC B. MEYER
DILWORTH PAXSON LLP
1500 Market Street
Suite 3500E
PHILADELPHIA, PA 19102

   *Attorney for Defendants*

1

**HILLMAN**, District Judge

Upon consideration of Plaintiffs' Motion in Limine to Exclude the Report and Testimony of Sarah K. Ivy, Esquire (ECF 134), Defendants' Motion in Limine to Exclude the Expert Report and Testimony of Plaintiffs' Expert Terrence Mooney (ECF 135), the responses and replies thereto, and oral argument held on the record on June 12, 2023, and

> WHEREAS Federal Rule of Evidence 702 provides:
>
>> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>>
>> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>>
>> (b) the testimony is based on sufficient facts or data;
>>
>> (c) the testimony is the product of reliable principles and methods; and
>>
>> (d) the expert has reliably applied the principles and methods to the facts of the case.

and;

WHEREAS the Third Circuit has described the requirements of Federal Rule of Evidence 702 as a "trilogy of restrictions on expert testimony: qualification, reliability and fit." Calhoun v. Yamaha Motor Corp., 350 F.3d 316, 321 (3d Cir. 2003) (quoting Schneider ex rel. Estate of Schneider v. Fried, 320 F.3d 396,

404-05 (3d Cir. 2003)("[T]he district court acts as a gatekeeper, preventing opinion testimony that does not meet the requirements of qualification, reliability and fit from reaching the jury."); and

WHEREAS a witness "must be qualified to testify as an expert." Calhoun, 350 F.3d at 321. This "requires 'that the witness possess specialized expertise.'" Id. (quoting Schneider, 320 F.3d at 405); and

WHEREAS the Third Circuit "interpret[s] this requirement liberally," and an expert can be qualified through "a broad range of knowledge, skills, and training." Id. (quoting In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 741 (3d Cir. 1994)); and

WHEREAS this "liberal policy of admissibility extends to the substantive as well as the formal qualification of experts." In re Paoli, 35 F.3d at 741 (noting the Third Circuit has "eschewed imposing overly rigorous requirements of expertise and ha[s] been satisfied with more generalized qualifications."); and

WHEREAS "it is an abuse of discretion to exclude testimony simply because the trial court does not deem the proposed expert to be the best qualified or because the expert does not have the specialization that the court considers most appropriate." Lauria v. AMTRAK, 145 F.3d 593, 598-99 (3d Cir. 1998) (quoting

Holbrook v. Lykes Bros. S.S. Co., 80 F.3d 777, 782 (3d Cir. 1996)). Indeed, experts can be qualified "on the basis of practical experience alone, and a formal degree, title, or educational specialty is not required." Id. "[I]nsistence on a certain kind of degree or background is inconsistent" with Third Circuit jurisprudence. In re Paoli, 916 F.2d at 855; and

WHEREAS an expert witness's "testimony must be reliable." Calhoun, 350 F.3d at 321. "To establish reliability, the testimony 'must be based on the methods and procedures of science rather than on subjective belief or unsupported speculation; the expert must have good grounds for his . . . belief.'" Furlan v. Schindler Elevator Corp., 516 F. App'x 201, 205 (3d Cir. 2013) (quoting Schneider, 320 F.3d at 404); and

WHEREAS "in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993), the Supreme Court charged trial judges with the responsibility of acting as 'gatekeepers' to exclude unreliable expert testimony." Calhoun, 350 F.3d at 320-21 (quoting Daubert, 509 U.S. at 597); and

WHEREAS "expert testimony does not have to obtain general acceptance or be subject to peer review to be admitted under Rule 702. Indeed, in *Daubert*, the Supreme Court specifically held that Rule 702 overruled the requirement that an opinion must gain general acceptance in order to qualify as admissible

4

expert testimony; instead general acceptance and peer review are only two of the factors that a district court should consider when acting as gatekeeper." Schneider ex rel. Est. of Schneider v. Fried, 320 F.3d 396, 406 (3d Cir. 2003); and

Whereas "[w]here there are other factors that demonstrate the reliability of the expert's methodology, an expert opinion should not be excluded simply because there is no literature on point." Id.; and

WHEREAS experts may reason and utilize methods by analogy. See In re Ephedra Products Liability Litigation, 393 F.Supp.2d 181, 189 (S.D.N.Y.2005) ("The analogies, inferences and extrapolations connecting the science to the witness's conclusions must be of a kind that a reasonable scientist or physician would make in a decision of importance arising in the exercise of his profession outside the context of litigation."); see also In re Human Tissue Products Liability Litigation, 582 F.Supp.2d 644, 657 (D.N.J.2008); and

WHEREAS Federal Rule of Evidence 703 provides:

> An expert may base an opinion on facts or data in the case that the expert has been aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the

5

> jury evaluate the opinion substantially outweighs their prejudicial effect.

"[E]xperts in various fields may rely properly on a wide variety of sources and may employ a similarly wide choice of methodologies in developing an expert opinion." Cooper v. Carl A. Nelson & Co., 211 F.3d 1008, 1020 (7th Cir. 2000); and

WHEREAS, "if the challenged procedure is more accurately described as an application of an accepted methodology, it is not the proper subject of a Rule 702-based exclusion, but is rather the subject of cross-examination of the expert and resolution by the jury." In re Paoli R.R. Yard PCB Litig., 916 F.2d 829, 858 (3d Cir. 1990); See also Kasilag v. Hartford Inv. Fin. Servs., LLC, No. 11-1083, 2017 WL 773880, at *15 n.33 (D.N.J. Feb. 28, 2017), *aff'd,* No. 17-1653, 2018 WL 3913102 (3d Cir. Aug. 15, 2018) (finding that objection to expert's methodology "goes more to weight" rather than admissibility); and

WHEREAS "there may be some circumstances where one's training and experience will provide an adequate foundation to admit an opinion and furnish the necessary reliability to allow a jury to consider it . . . ." Oddi v. Ford Motor Co., 234 F.3d 136, 158 (3d Cir. 2000). "Cases where courts have allowed testimony based on the experience of the expert often involve testimony as to custom and practice that has been acquired via

such experience." W. Am. Ins. Co. v. Jersey Cent. Power & Light Co., No. 03-6161, 2008 WL 5244232, at *8 (D.N.J. Dec. 15, 2008); and

WHEREAS "as for fit, 'the expert's testimony must be relevant for the purposes of the case and must assist the trier of fact.'" Furlan, 516 F. App'x at 205 (quoting Schneider, 320 F.3d at 404). This standard is not intended to be a high one, nor is it to be applied in a manner that requires the plaintiffs "to prove their case twice – they do not have to demonstrate to the judge by a preponderance of the evidence that the assessments of their experts are correct, they only have to demonstrate by a preponderance of evidence that their opinions are reliable." Oddi, 234 F.3d at 145 (quoting In re Paoli, 35 F.3d at 744); and

WHEREAS arguments for excluding testimony carry substantially less weight when the Court acts as fact-finder. "[W]here the Court itself acts as the ultimate trier of fact at a bench trial, the Court's role as a gatekeeper pursuant to Daubert is arguably less essential." Magistrini v. One Hour Martinizing Dry Cleaning, 180 F. Supp. 2d 584, 596 n.10 (D.N.J. Jan. 4, 2002); accord Warner Chilcott Labs. Ir., Ltd. v. Impax Labs., Inc., Nos. 08-6304, 09-2073, 09-1233, 2012 WL 1551709, at *23 (D.N.J. Apr. 30, 2012) ("[T]he gatekeeping function of the court is relaxed in the context of a bench trial because a court

7

is better equipped than a jury to weigh the probative value of expert evidence."); Alco Indus. v. Wachovia Corp., 527 F. Supp. 2d 399, 405 (E.D. Pa. 2007) ("In the context of preparing for a bench trial, it is not necessary to apply the Daubert standard with full force in advance of trial.  Rather, the court has the flexibility to allow testimony provisionally and revise its view once the testimony is taken." (citations omitted)); Gannon v. United States, 571 F. Supp. 2d 615, 616 (E.D. Pa. 2007) ("In a bench trial, th[e] Court's 'role as gatekeeper pursuant to Daubert is arguably less essential' because a judge rather than a jury is the fact finder."  (quoting Clark v. Richman, 339 F. Supp. 2d 631, 648 (M.D. Pa. 2004))); and

    WHEREAS the Court finds that both experts are qualified as an expert in the field of accounting; and

    FURTHER that the same training and experience related to qualifications also make the proffered opinions sufficiently reliable to be considered by the Court; and

    FURTHER that the proffered expert's testimony is relevant for the purposes of the case and will assist the Court as trier of fact; and

    WHEREAS the Court is mindful and the Parties are reminded that "[a]lthough Federal Rule of Evidence 704 permits an expert witness to give testimony that 'embraces an ultimate issue to be decided by the trier of fact,' an expert witness is prohibited

8

from rendering a legal opinion." Berckeley Inv. Grp., Ltd. v. Colkitt, 455 F.3d 195, 217 (3d Cir. 2006) ("the line between admissible and inadmissible expert testimony as to the customs and practices of a particular industry often becomes blurred when the testimony concerns a party's compliance with customs and practices that implicate legal duties."); and

THEREFORE,

IT IS on this 13th day of June, 2023

**ORDERED** that Plaintiffs' Motion in Limine to Exclude the Report and Testimony of Sarah K. Ivy, Esquire (ECF 134) and Defendants' Motion in Limine to Exclude the Expert Report and Testimony of Plaintiffs' Expert Terrence R. Mooney (ECF 135) by, and the same hereby are, **DENIED**, but with the following limitations on these experts' testimony:

1. The Court will bar any testimony that crosses the line into legal advocacy, including, for example, testimony as to results of legal research or interpretation of caselaw; and

2. The experts may not opine on legal issues that are for the Court to decide.

At Camden, New Jersey               s/ Noel L. Hillman
                                    NOEL L. HILLMAN, U.S.D.J.

9