[ECF No. 159]

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

THE BOARDS OF TRUSTEES OF THE
INTERNATIONAL UNION OF
OPERATING ENGINEERS LOCAL 825
PENSION FUND et al.,

        **Plaintiffs,**

  v.

DELAWARE VALLEY CRANE
RENTAL, INC. et al.,

        **Defendants.**

Civil No. 17-8567 (NLH/SAK)

## OPINION AND ORDER

This matter is before the Court on the letter application to reopen discovery [ECF No. 159] filed by Plaintiffs.[1] The Court received the opposition of Defendants Delaware Valley Crane Rental, Inc. ("DVCR") and J.L. Dobbs, Inc. ("JLDI") (collectively, "Defendants") [ECF No. 160]. The Court exercises its discretion to decide Plaintiffs' application without oral argument. *See* FED. R. CIV. P. 78; L. CIV. R. 78.1. For the reasons to be discussed, Plaintiffs' application is **DENIED**.

## I.    BACKGROUND

The parties are familiar with the factual background and procedural history of the case so only the most salient points will be set forth herein. Plaintiffs filed this action on October 18, 2017

---

[1] Plaintiffs specifically consist of the Boards of Trustees of the International Union of Operating Engineers Local 825 Pension Fund, Operating Engineers Local 825 Welfare Fund, Operating Engineers Local 825 Apprenticeship Training & Re-Training Fund, Operating Engineers Local 825 Supplemental Unemployment Benefit Fund, Operating Engineers Local 825 Saving Fund, and Operating Engineers Local 825 Profit Sharing Fund (collectively referred to herein as "Plaintiffs").

against Defendants seeking, *inter alia*, to recover unpaid employee benefit plan contributions pursuant to Section 515 of the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. § 1145, and Section 301 of the Labor-Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185. *See* Compl. [ECF No. 1]; *see also* Am. Compl. [ECF No. 46].  In brief, Plaintiffs allege that DVCR, a union crane rental company and party to a collective bargaining agreement ("CBA") with Plaintiffs, failed to make all required contributions due under the terms of the CBA. *See* Am. Compl. ¶¶ 14–23.  Specifically, Plaintiffs allege that an audit of DVCR for the period of 2011 to 2013 revealed the unpaid contributions, plus liquidated damages, interest, and audit fees, amounted to a total sum of $1,003,560.06 due and owing and which remains outstanding to date. *See id.* ¶¶ 24–26.  Plaintiffs further allege that, at all times relevant, DVCR has operated as a single employer with, and as an alter-ego of, JLDI. *See id.* ¶¶ 27–52.  Accordingly, Plaintiffs assert both defendants are jointly liable for all debts due, all contributions incurred since the audit period, and all outstanding contributions owed for covered work performed by JLDI. *See id.* ¶¶ 53–54.

Both parties moved for summary judgment in 2021.  Plaintiffs sought summary judgment specifically as to the issue of whether DVCR and JLDI constituted a single employer and alter ego under federal law. *See* Pls.' Mot. for Summ. J. [ECF No. 77].  As part of their motion, Plaintiffs submitted a Statement of Materials Facts Not in Dispute ("SOMFs") [ECF No. 77-5].  In response, Defendants confirmed that JLDI "owns 'around 15' cranes." Defs.' Resp. to Pls.' SOMFs ¶ 44 [ECF No. 84-1].  Defendants also confirmed that, if "DVCR requires a crane, it typically utilizes a JLDI crane." *Id.* ¶ 45 (clarifying that DVCR "bare rents" cranes from JLDI, but not exclusively). Ultimately, both parties' motions were denied. *See* ECF Nos. 91, 92.  After several failed attempts at resolving the matter, on October 25, 2022, the Court scheduled the Final Pretrial Conference for November 30, 2022. *See* ECF No. 128.  At the parties' request, and in light of pending motions,

2

this conference was adjourned. *See* ECF Nos. 129, 130.  Nearly a year later, on October 16, 2023, the Court held the Final Pretrial Conference.  At this conference, Plaintiffs advised the Court for the first time of a purported issue concerning the transfer of JLDI's cranes.  Plaintiffs also advised that they sought to reopen discovery to explore the issue.  Defendants objected to Plaintiffs request and the Court directed Plaintiffs to file the instant application.

Plaintiffs now seek to reopen discovery for the limited purpose of obtaining information regarding the transfer of cranes owned by JLDI. *See* Pls.' Appl.  Specifically, Plaintiffs state a limited liability company—Dobbs Crane & Equipment, LLC ("DCE")—was formed in Delaware on May 12, 2021. *See id.* at 3.  It was later registered with the State of New Jersey in early 2022. *See id.*  Plaintiffs allege that DCE shares certain attributes with DVCR and JLDI—particularly, its business address.  Plaintiffs also allege DCE's members are comprised of the same father and son associated with DVCR and JLDI.[2] *See id.*  Plaintiffs were "advised by Defendants that [DCE] now owns the cranes that were previously owned by [JLDI]." *Id.* at 4.  Plaintiffs were also advised that DCE rents those cranes to JLDI.[3] *See id.*  As such, Plaintiffs contend the transfer of these cranes is relevant to "the issues of interrelated operations between the companies and the issue of whether they share common equipment, which are factors in the single employer and alter ego analyses." *Id.* at 5.  Plaintiffs also question if the transfer was undertaken to avoid any potential liability that might flow from an unfavorable judgment. *Id.*  Plaintiffs maintain that they have acted diligently and in good faith since it "was certainly reasonable for [them] to expect that [JLDI] would continue to own these cranes." *Id.* at 4.  In light of this, the alleged importance of the evidence, and purported lack of logistical burdens and prejudice, Plaintiffs argue their application should be granted.

---

[2] Jeffrey L. Dobbs is the owner and President of JLDI.  He also serves as its Vice President and holds a minority stake in DVCR.  His son, Christopher Dobbs, is an employee of DVCR. *See id.*
[3] Plaintiffs do not indicate in their application when Defendants advised them of these facts.

Defendants oppose Plaintiffs' application. In sum, Defendants argue the case is more than six years old, that fact discovery closed nearly four years ago, and that the arguments underlying the application are without merit. *See* Defs.' Opp'n.  In particular, they dispute the importance of the evidence and Plaintiffs' contention of a lack of logistical burdens or prejudice to Defendants. *See id.* at 2–3.  Defendants also note that DCE is not a party to the case. *See id.* at 2.  As a result, "no DCE-related discovery . . . will make it more or less likely that DVCR and JLDI are alter egos or comprise a single employer." *Id.*  If anything, such discovery is more likely to result in Plaintiffs seeking leave to amend their complaint to add DCE.  In other words, essentially dragging the case back to square one. *See id.* at 2–5.  Thus, Defendants argue that the application must be denied.

## II.   **DISCUSSION**

### A.  **Legal Standard**

Federal Rule of Civil Procedure 16 governs pretrial matters, including case management and scheduling orders.  The rule vests district courts "with broad discretion to control and manage discovery." *Cevdet Aksüt Oğullari Koll, STI v. Cavusoglu*, No. 14-3362, 2017 WL 3013257, at *4 (D.N.J. July 14, 2017) (citations omitted).  Pursuant to Rule 16(b)(4), scheduling orders may only be modified to reopen discovery "for good cause and with the judge's consent." *See Goldrich v. City of Jersey City*, No. 15-885, 2018 WL 3360764, at *1 (D.N.J. July 10, 2018) (citations omitted).  "The good cause standard 'is not a low threshold.'" *Id.* (citation omitted).  Accordingly, courts have considered the following factors in evaluating whether discovery should be reopened: (1) the good faith and diligence of the moving party; (2) the importance of the evidence; (3) the logistical burdens and benefits of reopening discovery; and (4) prejudice to the nonmoving party. *See id.* (citation omitted).  "The importance of the evidence is often the most significant factor." *ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 298 (3d Cir. 2012) (citations omitted).

Whether good cause exists under Rule 16 largely hinges "on the diligence, or lack thereof, of the moving party." *Nike, Inc. v. E. Ports Custom Brokers, Inc.*, No. 11-4390, 2019 WL 5206073, at *3 (D.N.J. Oct. 16, 2019) (citation omitted). "Put succinctly, absent diligence, there is no 'good cause.'" *Id.* (alterations and citations omitted). Good cause has been established where a party can show that the deadlines set forth in a scheduling order could not reasonably be met despite their own diligence. *See, e.g.*, *Blake v. Alstom Transp., Inc.*, No. 20-13603, 2023 WL 3561452, at *4 (D.N.J. May 19, 2023). Good cause may also be established where a party shows that the inability to comply with a scheduling order was due to mistake, excusable neglect, or any other factor which might understandably account for counsel's failure to comply. *See Faiella v. Sunbelt Rentals, Inc.*, 341 F.R.D. 553, 558–59 (D.N.J. 2022) (citation omitted). The moving party bears the burden of demonstrating due diligence and showing good cause. *See Nike*, 2019 WL 5206073, at *3 (citations omitted). Without good cause, "the scheduling order shall control." *Faiella*, 341 F.R.D. at 559; *see Cavusoglu*, 2017 WL 3013257, at *4 (quoting *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3d Cir. 1986)) ("[P]ermitting discovery extensions in the absence of good cause would 'deprive the trial judges of the ability to effectively manage the cases on their overcrowded dockets.'").

### B. Analysis

In this case, the Court finds that good cause does not exist to reopen discovery. To start, how or when Plaintiffs learned of the transfer of JLDI's cranes is conspicuously absent from their application. Instead, Plaintiffs merely assert that it was "reasonable . . . to expect that [JLDI] would continue to own these cranes." Pls.' Appl. at 4. They further assert that the transfer could not have been discovered prior to May 12, 2021—the date of DCE's formation. *See id.* Plaintiffs also vaguely state that they were "advised by Defendants" of certain information underlying their application—but not when. *See id.* Likewise, Plaintiffs' counsel merely certifies that he obtained

certain records concerning DCE "on October 19, 2023." Hemsley Cert. ¶¶ 2–3 [ECF No. 159-1]. Notably, the Final Pretrial Conference was held on October 16, 2023, three days prior—at which Plaintiffs first raised the issue of the crane transfer with the Court.  As a result, Plaintiffs' vague claim of diligence rings hollow.  Without more, Plaintiffs' pursuit of this discovery appears to be more of an after thought than an act of diligence.  Stated differently, Plaintiffs simply fail to satisfy their burden of demonstrating due diligence.  For this reason, the Court finds that the first factor weighs against reopening discovery.

More critically, however, Plaintiffs have failed to establish the importance of the evidence sought.  The Court agrees with Defendants that DCE-related discovery will not make it more or less likely that DVCR and JLDI are alter egos or comprise a single employer.  Nor is it relevant at this juncture to aid in the execution of judgment, since no such judgment has been rendered.  Apart from being speculative, this argument is entirely premature.  Any concerns regarding the collection of a potentially favorable judgment are properly addressed *post-judgment*, not pre-judgment.[4] Additionally, DCE is neither a party to the case nor the subject of any allegation in Plaintiffs' Amended Complaint. *See* ECF No. 46.  Consequently, Plaintiffs fail to establish how reopening discovery on this line of inquiry is important to any of its claims or allegations. *See, e.g.*, *Goldrich*, 2018 WL 3360764, at *2 (denying the plaintiff's motion to reopen discovery, in part, for failing to establish the importance of the evidence sought, which did not relate to any claims or allegations in the operative pleading and "could have been discovered through reasonable diligence").  Thus, the Court finds that the second factor also weighs against reopening discovery.

As to the logistical burdens and resulting prejudice of reopening discovery, the Court finds that these two factors weigh substantially against Plaintiffs.  Reopening discovery at this late stage

---

[4] *See* FED. R. CIV. P. 69; *Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134, 138–39 (2014).

of the litigation would be burdensome and prejudicial, especially in light of Plaintiffs' proposed requests. The Court conducted the Final Pretrial Conference on October 16, 2023 in preparation for an imminent trial. At this late stage, Plaintiffs now seek to serve document requests[5] on DVCR, JLDI, and DCE "concerning the transfer/sale of the cranes to [DCE], the rental of the cranes by [DCE] to [JLDI] and DVCR, and the payments for the rentals." Pls.' Appl. at 5. They also seek to depose DCE's members about the transfer of the cranes. *See id.* While Plaintiffs claim that this "could reasonably be accomplished within a sixty (60) day period," the Court is not so assured. *Id.* Moreover, the prospect of Plaintiffs seeking an amendment to add DCE as a party would bring this litigation back to square one and potentially drag it on for another six years. To be clear, Plaintiffs have not stated this much. Nevertheless, it is certainly a well-founded concern of Defendants. *See* Defs.' Opp'n at 3. As one court in this District has aptly stated, "[a]t some point, litigation must come to an end. That point has now been reached." *Singh v. Twp. of Weehawken*, No. 15-3478, 2023 WL 2523640, at *5 (D.N.J. Mar. 15, 2023), *aff'd*, 2023 WL 3119792 (D.N.J. Apr. 27, 2023) (citations omitted) (quoting *Facebook, Inc. v. Pac. Nw. Software, Inc.*, 640 F.3d 1034, 1042 (9th Cir. 2011)). Moving this litigation back into the discovery phase would impose significant costs on Defendants. It would also upend their expectation of a reasonably timely resolution of the case. This prejudice is substantial. *See, e.g.*, *id.* at *4 (denying the plaintiffs' motion to amend in a nearly eight-year-old case, in part, because it would have required reopening discovery and would have substantially prejudiced the defendants). As such, the Court finds that the final two factors also weigh against reopening discovery.

---

[5] The Court notes that this would also likely entail Rule 45 subpoenas and possible motion practice, potentially in other venues outside of this District, given DCE's status as a nonparty. *See generally* FED. R. CIV. P. 45.

Having found all of the factors collectively weigh against reopening discovery, the Court will deny Plaintiffs' application.  Most important in this regard is Plaintiffs' failure to demonstrate diligence and the importance of the evidence sought.  Given the lengthy and protracted nature of this litigation, the logistical burdens and resulting prejudice also weigh heavily against Plaintiffs. In sum, good cause has not been shown and the Court will deny Plaintiffs' application.

## III.    <u>CONCLUSION</u>

Accordingly, for all the foregoing reasons,

**IT IS HEREBY ORDERED** this **1st** day of **December**, **2023**, that Plaintiffs' application to reopen discovery [ECF No. 159] is **DENIED**.

s/ Sharon A. King
SHARON A. KING
United States Magistrate Judge

cc:  Hon. Noel L. Hillman, U.S.D.J.